```
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 11 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA WASHINGTON
```

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1  Revised by WAED - 03/10

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

UNITED STATES OF AMERICA
v.
Jacquelyn A. Crawford

**\*AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:    2:10CR00047-001

USM Number:    13161-085

Jaime M. Hawk
Defendant's Attorney

Date of Original Judgment 03/08/11

☑ *Modification of Restitution Order (18 U.S.C. § 3664)
☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 & 16 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 & 1349 | Conspiracy to Commit Wire Fraud | 04/20/10 | 1 |
| 17 U.S.C. § 1028A | Aggravated Identity Theft | 03/20/10 | 16 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  All Remaining Counts   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/17/2011
Date of Imposition of Judgment

[signature]
Signature of Judge

The Honorable Edward F. Shea     Judge, U.S. District Court
Name and Title of Judge

March 11, 2011
Date

AO 245B   (Rev. 09/08) Judgment in Criminal Case
              Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

29 months with respect to Count 1 and 24 months with respect to Count 16. To be served consecutively with each other for a total term of imprisonment of 53 months.
Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant shall participate in the BOP Inmate Financial Responsibility Program.
Court recommends placement of defendant in the BOP Facility at Dublin, California which would allow defendant the opportunity to participate in a 500 hour substance abuse treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 08/09) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years with respect to Count 1 and 1 year with respect to Count 16. To be served concurrently with each other for a total term of supervised release of 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 08/09) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page   4   of   9

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

# SPECIAL CONDITIONS OF SUPERVISION

14. Defendant shall provide the supervising officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal income tax returns. Defendant shall disclose all assets and liabilities to the supervising officer. Defendant shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

15. Defendant shall not open, possess, use, or otherwise have access to any checking account, ATM card, or credit card, without the advance approval of the supervising officer.

16. Defendant shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

17. Defendant shall participate in a financial counseling program as directed by the supervising officer.

18. Defendant shall submit defendant's person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. Defendant shall warn persons with whom defendant shares a residence that the premises may be subject to search.

19. Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. Defendant shall contribute to the cost of treatment according to defendant's ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

20. Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

21. Defendant shall not enter the premises of any business identified as a non-merchandise victim in this case.

AO 245B   (Rev. 08/09) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  9

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $200.00 | $0.00 | $47,345.61 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Albertson's | $128.61 | $128.61 | |
| AutoZone | $198.87 | $198.87 | |
| Ben Franklin | $305.56 | $305.56 | |
| Big R | $1,621.87 | $1,621.87 | |
| B-Mart | $526.41 | $526.41 | |
| Blockbuster Video | $50.00 | $50.00 | |
| Borders Books | $167.26 | $167.26 | |
| Burlington Coat Factory | $185.58 | $185.58 | |
| Cheryl Burquist/Media Elements | $350.00 | $350.00 | |
| Cab Inc. Enterprise | $134.59 | $134.59 | |
| **TOTALS** | $ 47,345.61 | $ 47,345.61 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 08/09) Judgment in a Criminal Case
          Sheet 5A — Criminal Monetary Penalties

Judgment—Page **6** of **9**

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Monies received by defendant with respect to the restitution owed shall be paid first to individual and non-merchant victims.

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Cabela's | $1,373.38 | $1,373.38 | |
| Candace Camp | $55.50 | $55.50 | |
| Costco | $2,498.40 | $2,498.40 | |
| Cycle Gear | $209.16 | $209.16 | |
| Famous Footwear | $127.69 | $127.69 | |
| Fred Meyer | $4,591.90 | $4,591.90 | |
| Furniture Row Outlet | $3,387.09 | $3,387.09 | |
| *Donna Hoctor | $100.00 | $100.00 | |
| Game Stop | $385.86 | $385.86 | |
| General Store | $228.57 | $228.57 | |
| Harbor Freight | $179.15 | $179.15 | |
| Home Depot | $5,215.54 | $5,215.54 | |
| K-Mart | $877.76 | $877.76 | |
| Les Schwab | $1,222.22 | $1,222.22 | |
| Lowes | $2,728.28 | $2,728.28 | |
| Macy's | $492.94 | $492.94 | |
| Michael's | $164.15 | $164.15 | |
| Napa Auto | $214.35 | $214.35 | |
| Northwest Beauty | $339.42 | $339.42 | |
| OfficeMax | $244.94 | $244.94 | |
| JC Penney's | $196.63 | $196.63 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page **8** of **9**

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Regis | $100.00 | $100.00 | |
| Rock Placing Company | $570.32 | $570.32 | |
| Rosauers | $365.63 | $365.63 | |
| Safeway | $503.80 | $503.80 | |
| Schuck's O'Reilly | $141.74 | $141.74 | |
| Sears | $2,271.71 | $2,271.71 | |
| Shopko | $247.87 | $247.87 | |
| Sleep City | $408.71 | $408.71 | |
| Sofa Mart | $1,907.69 | $1,907.69 | |
| Spalding Auto | $227.19 | $227.19 | |
| Sports Authority | $349.73 | $349.73 | |
| Staples | $344.87 | $344.87 | |
| T-Mobile | $217.34 | $217.34 | |
| Target | $118.98 | $118.98 | |
| TJ Maxx | $104.21 | $104.21 | |
| Walgreens | $60.14 | $60.14 | |
| Wal-Mart | $9,381.81 | $9,381.81 | |
| Wholesale Sports | $1,522.19 | $1,522.19 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jacquelyn A. Crawford
CASE NUMBER: 2:10CR00047-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☑ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program.
While incarcerated the defendant shall make payments of not less than $25.00 per quarter. Once defendant is released from imprisonment defendant shall make monthly payments of not less than 10% of defendant's net household income until said monetary obligation is paid in full

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | | |
|---|---|---|
| CR-10-47-EFS-01 Jacquelyn Crawford | $47,345.61 | $47,345.61 |
| CR-10-47-EFS-02 Charlene Haggard | $47,345.61 | $47,345.61 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.